**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**RICCARDO McCRAY,**

                    **Petitioner,**

                                                                        **16-CV-694-LJV(HKS)**

          **-vs-**

**THOMAS GRIFFIN,**

                    **Respondent.**
_____

**DECISION AND ORDER**

          This case was referred to the undersigned pursuant to 28 U.S.C. §

636(b)(1) for all pre-trial matters and to hear and report on dispositive motions.  Dkt. No.

16.  Petitioner Riccardo McCray ("Petitioner"), an inmate of the New York State

Department of Corrections and Community Supervision, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his

conviction in Erie County Supreme Court on three counts of murder in the first degree

(N.Y. Penal L. § 125.27[1][a][viii]), two counts of attempted murder in the first degree

(N.Y. Penal Law §§ 110.00, 125.27[1][a] [viii]), and one count of criminal possession of

a weapon in the second degree (N.Y. Penal Law § 265.03[3]).  Dkt. No. 6, p. 1.


          Currently before the Court is Petitioner's *pro se* motion to stay or hold in

abeyance his habeas proceeding to allow him to amend his petition to include

unexhausted claims of "ineffective assistance of counsel and prosecutorial misconduct

not appearing in the record."  Dkt. No. 13.  Petitioner contends that he was unaware of

the facts underlying these claims "at the time of trial" and asserts that he planned to "perfect" his N.Y. C.P.L. § 440 motion, raising these two new claims in the state court. Dkt. No. 15, p. 2.  For the following reasons, Petitioner's motion (Dkt. No. 13) is DENIED without prejudice to renew subject to certain conditions.

## **DISCUSSION**

A person seeking habeas relief from his state court conviction in the federal courts must file his petition within the one-year statute of limitations.  28 U.S.C. § 2244(d).  Only where "the applicant has exhausted the remedies available in the courts of the State" may the district court grant an application for writ of habeas corpus. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  In other words, a federal habeas petition challenging a state court conviction must be timely filed and fully exhausted before a federal court can exercise jurisdiction over the substantive claims raised therein.

In *Rhines*, the United States Supreme Court clarified how district courts should handle "mixed" habeas petitions, those that contain both exhausted and unexhausted claims.  Where a petitioner can show that there is "good cause" for his failure to exhaust his claims in state court and that his "new" claims are not "plainly meritless," the district court may stay the habeas proceedings and dismiss, without prejudice, the unexhausted claims.  This allows the petitioner to present to the state court his "new" claims and then return to the district court to reinstate them.  *Rhines*, 544 U.S. at 277; *see also Faden v. Annetts*, NO. 05 CIV.1850(DF), 2005 WL 1765714, at *1 (S.D.N.Y. July 26, 2005).

2

Assuming a petitioner complies with the conditions for the stay (by timely filing exhaustion proceedings and returning to the district court after his exhaustion proceedings are complete in state court), the district court may, if appropriate, treat the "new" claims as if they were presented at the time of the original petition for statute of limitations purposes.  *See Zarvela v. Artuz*, 254 F.3d 374, 381-82 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 536 U.S. 925 (2001).

An abeyance such as this is only available in habeas proceedings involving "mixed petitions."  *Compare Rhines*, 544 U.S. at 277; *see also Zarvela*, 254 F.3d at 377 ("We conclude that a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition."); *Clancy v. Phillips*, 04CV4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted).

The operable petition currently before this Court contains only exhausted claims, and is therefore, not a "mixed" petition.  Dkt. No. 6.  The two "new" claims, which Petitioner loosely characterizes as ineffective assistance of counsel and prosecutorial misconduct claims, are not included therein.  Accordingly, Petitioner must make an additional showing that the new claims that he seeks to assert "relate back" to the

3

claims pled in the original petition, i.e., that the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 650, 656 (2005) (stating that "[a]n amended habeas petition … does not relate back (and thereby avoid AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading").

Petitioner's motion states in very general terms that his unexhausted ineffective assistance and prosecutorial misconduct claims "would warrant granting habeas relief" (Dkt. No. 13, p. 4) and that he was "not made aware of the issues he is requesting to bring forward" at the "time of trial."  Dkt. No. 16, p. 2.  These general allegations are insufficient to satisfy the good cause and potential merit requirements to justify an abeyance.  In any case, this Court lacks the authority to stay these habeas proceedings because the operable petition is not a "mixed" one.  Unless and until Petitioner files a motion to amend the petition (along with a proposed second amended petition) and explains how the unexhausted claims "relate back" to the exhausted claims, his habeas proceedings cannot be stayed.

Accordingly, Petitioner's motion for a stay of his habeas proceeding (Dkt. No. 13) is DENIED WITHOUT PREJUDICE.  If Petitioner wishes to pursue amending his petition and staying these proceedings, he must file a new motion to amend the petition (with a proposed amended petition) demonstrating how the unexhausted claims "relate back" to the exhausted ones.  Petitioner's motion to amend should also request a

stay of the petition in the event the Court were to grant the motion to amend.  Petitioner

must set forth good cause justifying his delay in exhausting the claims in state court and

explain how the unexhausted claims are potentially meritorious on federal habeas

review.  Upon filing the motion to amend the petition and for a stay of the proceedings,

Respondent will be provided the opportunity to respond.

IT IS HEREBY ORDERED that:

Petitioner's motion for stay and abeyance (Dkt. No. 13) is DENIED

WITHOUT PREJUDICE; and

FURTHER, if Petitioner wishes to raise these new claims and to seek a

stay of this proceeding pending exhaustion of said claims, he must file with the Court

and serve upon Respondent's counsel a motion to amend the operative petition **within

30-days of receipt of this Order**.  This motion **must** address whether the new claim

relates back to the claims pled in the operative petition.  Along with the motion to

amend, Petitioner **must** file a proposed amended petition that asserts **both** the

exhausted claims already raised in this proceeding **and** the unexhausted claims

petitioner wishes to add; **and**

FURTHER, that Petitioner's motion **must** also request to hold his habeas proceeding in abeyance.  In support of this relief, Petitioner **must** explain why he did not present these "new" claims to the state court before filing his prior petitions **and** how these claims are cognizable and meritorious on federal habeas review;

FURTHER, that **within 30-days of receipt** of Petitioner's motion to amend and motion for a stay, Respondent shall file a response; and

FURTHER, the Clerk of the Court is directed to forward to petitioner with this Decision and Order a form habeas corpus petition pursuant to 28 U.S.C. § 2254, instructions for filing an amended petition, and copies of the Amended Petition (Docket No. 6).

**SO ORDERED.**

DATED:      Buffalo, New York
            September 28, 2021

                                     _s/ H. Kenneth Schroeder_____
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**