UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICARDO McCRAY,

        Petitioner,

v.

MARLYN KOOP, Superintendent of the
Sing Sing Correctional Facility,

        Respondent.

16-CV-694-LJV-HKS
DECISION & ORDER

---

Before the Court is a motion to amend filed by the pro se petitioner, Ricardo McCray. Docket Item 23. For the reasons that follow, this Court denies McCray's motion.

## **DISCUSSION**

When a petitioner seeks to amend his habeas petition under 28 U.S.C. § 2254 to add a new claim for which "the statute of limitations has run," the new claim must "relate back" to the claims in the original petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A new claim relates back "if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Id.* (first alteration in original) (quoting Fed. R. Civ. P. 15(c)(2)); *see* Fed. R. Civ. P. 15(c)(1)(B) (stating that amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").[1] The

---

[1] "Although *Mayle* discusses what was then denominated Rule 15(c)(2), it was referring to a previous version of Rule 15 in which (c)(2) was identical in every material

Supreme Court has explicitly rejected the contention that a new claim may relate back to a previously asserted claim solely because the two claims arise from "the same trial, conviction, or sentence." *Mayle*, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance."); *see id.* at 656-57 ("Under that comprehensive definition [allowing relation back of all claims arising from the same trial], virtually any new claim introduced in an amended petition will relate back . . . ."). Rather, a new claim will relate back to an original claim only if the two "are tied to a common core of operative facts." *Id.* at 664.

In his original petition,[2] McCray asserted the following claims:

- The trial court violated his "[r]ight to [d]ue [p]rocess and [a] fair trial" by "fail[ing] to suppress [McCray]'s statements";

- The trial "[c]ourt's exhibition of bias [in favor of the prosecution] and misconduct denied [McCray] his [c]onstitutional [r]ight to a fair and impartial trial";

---

respect to what is now Rule 15(c)(1)(B)." *Washington v. U.S. Dep't of Hous. & Urb. Dev.*, 2019 WL 5694102, at *32 n.16 (E.D.N.Y. July 29, 2019).

[2] The operative pleading, Docket Item 6, is technically an amended petition. McCray filed it after this Court administratively closed McCray's case for his failure to pay the filing fee and ordered that if he wished to reopen his case, he must, first, either pay the fee or move to proceed in forma pauperis and, second, file "a fully completed [a]mended [p]etition . . . that includes each and every ground for relief he seeks to raise." Docket Item 3 at 4. Because that amended petition was McCray's first petition to be substantively considered by this Court, however, this Court will refer to it as his "original petition." *See id.* (ordering "the Clerk of Court [to] administratively terminate [McCray's] action, without prejudice, without filing the petition").

- "Prosecutorial [m]isconduct"—including that shown by "[n]ewly discovered evidence regarding falsifications of prosecution witness[es]"—"violated [McCray]'s [c]onstitutional [r]ights";

- "Due to distortion and misrepresentation, the verdict [wa]s against the weight of the actual evidence";

- McCray's counsel was ineffective; and

- "In light of the obfuscation of the matter/trial," his sentence was "undue, cruel[,] and unusual."

Docket Item 6 at 6-9.[3]

McCray now seeks to amend his petition to include claims stemming from:

- "due process violations by courts," including courts' "not hav[ing] jurisdiction to prosecute[ and] convict" him and "creat[ing] conflicts of interest[] with attorneys" concerning "discovery, bail reform[,] and [the] right to [a] fair trial";

- "judicial malpractice" based on the court's "denying reasonable bail," failing to give McCray "a fair trial," and "illegal[ly] confin[ing him] due to conflicts of interest"; and

- discrimination against him "due to his race, sex, education, [and] financial status."

Docket Item 23 at 5-9 (capitalization omitted).

As an initial matter, some of these allegations appear to be duplicative of those in McCray's original petition. For example, he says in both that he was generally denied a

---

[3] Page numbers in docket citations refer to ECF pagination.

"fair trial." *Compare* Docket Item 23, *with* Docket Item 6.  Amendment is not necessary to add claims that have already been pleaded.  *See Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001) (noting that petitioner "must endeavor to amend a still pending petition" if "he wishes to present a *new* claim" (emphasis added)), *as amended* (Aug. 17, 2001); *see also Ali v. CMS*, 2009 WL 10728598, at *1-3 (D.N.J. Aug. 25, 2009) (denying motion to amend without prejudice where "some of the claims [in the amended complaint] duplicated [those in] original complaint" and court could not determine whether new claims related back to original complaint).

Those claims that are not duplicative—relating to discovery, bail, alleged conflicts of interest, and discrimination—do not relate back because they "do not share a common core of operative facts with" McCray's original claims.  *See Laurey v. Graham*, 596 F. Supp. 2d 743, 748 (W.D.N.Y. 2009).  Rather, they are different "in time and type [from] the claims in the [original p]etition."  *See Robinson v. Greene*, 2006 WL 8455659, at *4 (W.D.N.Y. Mar. 1, 2006).

As the respondent observes, "[w]hereas the original claim involved . . . matters during the trial and a post-conviction motion, the new claim appears to be based on . . . bail and discovery issues."  Docket Item 25 at 5 n.1.  And while the claims of discrimination based on race, sex, and other characteristics could be read to encompass McCray's trial, those claims would involve different "operative facts" than those in his original claims.  *See Laurey*, 596 F. Supp. 2d at 748 (finding that claims that "there was insufficient identification evidence at trial," that "police officers failed to properly investigate the crime," that "the prosecutor failed to provide defense counsel with a police report concerning a prosecution witness," and that "a prosecution witness

4

recanted her testimony" did "not share a common core of operative facts with the ineffective assistance of counsel claims that [the p]etitioner [later sought] to add"); *see also Singleton v. Lee*, 2012 WL 864801, at *6 (W.D.N.Y. Mar. 13, 2012) (finding that petitioner's "proposed new claims relat[ing] to a 'judicial redetermination' that occurred on January 27, 2006," did not relate back to "claims relat[ing] to a conviction entered on November 27, 2007," even though "both proceedings relate[d] . . . to [petitioner]'s sex-offender-level designation"). As a result, "nothing on the face of the original petition would have given [the r]espondent fair notice of a prospective . . . claim based upon the new grounds set forth in the proposed [a]mended [p]etition." *See Encarnacion v. McGinnis*, 2008 WL 795000, at *17 (N.D.N.Y. Mar. 24, 2008) (citation and internal quotation marks omitted).

For those reasons, McCray's new claims do not relate back and are therefore untimely.

## **CONCLUSION**

For the reasons stated above, McCray's motion to amend, Docket Item 23, is DENIED.


SO ORDERED.

Dated:   March 4, 2025
         Buffalo, New York


                                        */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE

5